UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE AGEE,

       Petitioner,

v.                              CASE NO. 05-CV-70036-DT
                                      HONORABLE AVERN COHN

PAUL H. RENICO,

       Respondent.
_____/

### ORDER DISMISSING UNEXHAUSTED CLAIMS, STAYING EXHAUSTED CLAIMS, AND CLOSING CASE FOR STATISTICAL PURPOSES

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Wille Agee challenges his state court conviction for assault with intent to commit murder. Upon review, it appears that Petitioner presents unexhausted and exhausted claims. Petitioner should be permitted to pursue state remedies for his unexhausted claims while his exhausted claims are stayed. The reasons follow.

### II. Background

Petitioner was convicted in Wayne County, Michigan of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. The trial court sentenced Petitioner on March 7, 2002, to imprisonment for ten to twenty years. In an appeal of right, Petitioner alleged that (1) the trial court's voir dire was cursory and inadequate, (2) there was insufficient evidence to support his conviction, (3) the trial court failed to ascertain on the record whether Petitioner intelligently and knowingly waived his right to testify, and

(4) the jury was instructed on a lesser-included offense that was not supported by the evidence. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished order. See People v. Agee, No. 241429 (Mich. Ct. App. Oct. 14, 2003).

Petitioner raised the same claims in an application for leave to appeal in the Michigan Supreme Court. He also raised two new claims regarding his constitutional right not to be placed in double jeopardy and his right to the effective assistance of trial and appellate counsel. On January 27, 2004, the Michigan Supreme Court denied leave to appeal. See People v. Agee, 675 N.W.2d 591 (2004) (table).

Petitioner signed and dated his habeas petition on December 13, 2004. The grounds for relief read:

I.     Appellant Willie Agee was denied his right to a fair and impartial jury by the trial court's cursory and inadequate voir dire and totally foreclosed defense counsel's participation in the voir dire during jury selection.

II.    There was insufficient evidence as a matter of law to establish appellant Willie Agee's conviction for assault with intent to murder upon complainant Deshown Holmes as required by the Due Process Clause.

III.   The trial court's failure to ascertain on the record whether appellant Agee intelligently and knowingly waived his right to testify requires a new trial.

IV.    Appellant Willie Agee was denied his right to a properly instructed jury and a fair trial where the trial court instructed on a cognate lesser included offense of assault with the intent to murder not supported by the evidence.

V.     Mr. Agee's conviction of assault with intent to murder is in violation of his state and federal constitutional rights against being convicted twice for the same offense after first being acquitted of that offense by the trial court.

VI.    Mr. Agee was denied his state and federal constitutional

2

right to the effective assistance of counsel when: trial court
(sic) failed to object to the trial court's instructions on the
dismissed charge of assault with intent to murder; appellant
counsel failed to raise the "dead bang winner" issue . . . .

### III.  Discussion

The Supreme Court explained last year that,

> [b]efore seeking a federal writ of habeas corpus, a state prisoner
> must exhaust available state remedies, 28 U.S.C.  § 2254(b)(1), thereby
> giving the State the "'"opportunity to pass upon and correct" alleged
> violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364,
> 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275
> (1971) (citation omitted)).  To provide the State with the necessary
> "opportunity," the prisoner must "fairly present" his claim in each
> appropriate state court (including a state supreme court with powers of
> discretionary review), thereby alerting that court to the federal nature of
> the claim.  Duncan, supra, at 365-366; O'Sullivan v. Boerckel, 526 U.S.
> 838, 845 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).  State prisoners in Michigan are required to

present their claims to the Michigan Court of Appeals and to the Michigan Supreme

Court before raising their claims in a federal habeas corpus petition.  Dombkowski v.

Johnson, 488 F.2d 68, 70 (6th Cir. 1973).

Petitioner concedes that he raised his fifth and sixth habeas claims only in the

Michigan Supreme Court and not in the Michigan Court of Appeals.  Presentation of

claims to a State's highest court on discretionary review, without more, does not

constitute "fair presentation" for purposes of the exhaustion doctrine.  Castille v.

Peoples, 489 U.S. 346, 351 (1989).  Thus, the habeas petition is a "mixed" petition of

exhausted and unexhausted claims.

Absent unusual or exceptional circumstances, courts must dismiss mixed

petitions in their entirety.  Rose v. Lundy, 455 U.S. 509, 510 (1982); OGuinn v. Dutton,

3

88 F.3d 1409, 1412-13 (6th Cir. 1996).  A dismissal of this action, however, could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See 28 U.S.C. § 2244(d).  "The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims."  Pliler v. Ford, 542 U.S. 225, __, 124 S. Ct. 2441, 2445 (2004).

In light of this dilemma, courts are not precluded from

retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, see 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring).

However, "stay and abeyance should be available only in limited circumstances."

Rhines v. Weber, __ U.S. __, __, 125 S. Ct. 1528, 1535 (2005).

[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

. . . .  And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.  See [Zarvela v.

4

<u>Artuz</u>, 254 F.3d 374, 380-81 (2d Cir. 2001)].

<u>Id</u>.

Petitioner's unexhausted claims allege violations of the Fifth and Sixth amendments to the Constitution.  The fifth claim alleges a violation of the Double Jeopardy Clause, and the sixth claim alleges ineffective assistance of counsel in connection with the double jeopardy claim.  Although the arguments supporting these claims are somewhat difficult to follow, the claims are not clearly meritless.  Furthermore, Petitioner arguably has demonstrated "good cause" for failing to exhaust state remedies for all his claims by alleging ineffective assistance of appellate counsel.  Finally, the Court has no basis for concluding that Petitioner engaged in abusive litigation tactics or intentional delay.

## IV.  Conclusion

For the reasons stated above, Petitioner's exhausted claims should be stayed and Petitioner should be permitted to pursue state remedies for his unexhausted claims.  Accordingly, Petitioner's fifth and sixth claims are DISMISSED WITHOUT PREJUDICE and claims I through IV are STAYED.

The Court's stay of Petitioner's exhausted claims is conditioned on Petitioner timely exercising one of two options:  he may submit an amended habeas petition to this Court in which he raises only his exhausted claims (I-IV) **or** he may pursue state remedies for his unexhausted fifth and sixth claims by filing a motion for relief from judgment in the trial court.  <u>See</u> Subchapter 6.500 of the Michigan Court Rules.

Furthermore, Petitioner shall take action on one of his two options within **sixty**

5

**(60) days** of this order.  If he chooses to pursue state remedies and is unsuccessful in state court, he may return to this Court, but only if he does so within **sixty (60) days** of exhausting state remedies.  Upon returning to federal court, Petitioner shall use the same caption and case number that appear on this order.

The Clerk of Court shall close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

**SO ORDERED**.


 s/Avern Cohn
Dated: June 06, 2005                        AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 06, 2005, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

6